IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:19-cv-02880-RM

JUAN S. RODRIGUEZ,

    Plaintiff,

v.

COMMISSIONER, Social Security Administration,

    Defendant.

**ORDER**

Plaintiff seeks judicial review of Defendant's denial of his application for disability insurance benefits. The Court has reviewed the pleadings, case file, and applicable law and now affirms Defendant's decision for the reasons below.

**I.    BACKGROUND**

Plaintiff filed his application in March 2017, alleging disability beginning on February 20, 2017. After a hearing at which Plaintiff testified and was represented by counsel, an administrative law judge ("ALJ") found he was not disabled because he could perform his past relevant work as a customer service representative, and his application was denied.

The ALJ applied the five-step process for evaluating disability claims. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (ECF No. 9-2 at 18.)

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease and osteoarthritis. (*Id.*)

At step three, the ALJ determined Plaintiff's impairments, considered independently and in combination, did not meet or medically equal the severity of a listed impairment. (*Id.*)

Before reaching step four, the ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, subject to some limitations.

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.

20 C.F.R. § 404.1567(a). The ALJ further limited Plaintiff's RFC as follows:

> He can never climb ladders or stairs. He can never crawl, but is able to stoop, kneel, and crouch occasionally. He should avoid exposure to extreme cold, heights, and other hazards. He is able to handle and finger occasionally. He must use a cane when walking. He needs to stand briefly after 30 minutes of sitting.

(ECF No. 9-2 at 19.)

At step four, the ALJ determined Plaintiff could perform his past relevant work as a customer service representative. (*Id.* at 21.) Therefore, the ALJ did not reach step five.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. *See* 20 C.F.R. § 404.981.

## II.   LEGAL STANDARD

The Court reviews the ALJ's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Wall*, 561 F.3d at 1052 (quotation omitted). To

determine whether the substantiality test has been met, the Court meticulously examines the record as a whole, including anything that may undercut or detract from the ALJ's findings, but the Court does not reweigh the evidence or retry the case. *Id.* "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotation omitted).

### III. DISCUSSION

Plaintiff argues that the ALJ erred by giving little weight to a three-page work restrictions questionnaire completed by Dr. Mulica in June 2018.[1] However, the Court discerns no basis for reversal.

The Court will not reweigh the evidence. *See Wall*, 561 F.3d at 1052. Yet that is what Plaintiff is asking the Court to do when he argues the ALJ should have given more than a little weight to Dr. Mulica's assessment. (*See* ECF No. 12 at 3.) The ALJ discounted the opinions of Dr. Mulica as expressed in his questionnaire due largely to inconsistency between the opinion and corresponding physical examinations. That position is supported by record evidence. (*See* ECF No. 9-2 at 21.) Further, "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004). Plaintiff has not identified any specific limitations associated with his impairments that the ALJ should have considered but did not. Nor has he made any showing that his symptoms are inconsistent with his ability to perform sedentary work with the limitations assessed by the

---

[1] This is the sole argument presented in Plaintiff's opening brief. (*See* ECF No. 10.) To the extent Plaintiff raises additional issues in his reply brief, they are waived. *See Anderson v. U.S. Dep't of Labor*, 422 F.3d 1155, 1174 (10th Cir. 2005) ("The failure to raise an issue in an opening brief waives that issue.").

ALJ or that the ALJ applied incorrect legal standards in evaluating his subjective complaints of pain. The ALJ determined that Plaintiff's impairments could reasonably be expected to erode his functional ability, but nevertheless concluded he was not as limited as he alleged. "[D]isability requires more than mere inability to work without pain," *Brown v. Brown*, 801 F.2d 361, 362-63 (10th Cir. 1986), and an RFC is an assessment of the most a claimant can do despite his or her limitations, *see* 20 C.F.R. § 404.1545(a)(1). Plaintiff has not identified substantial evidence in the record that his pain prevented him from working. "In civil cases such as this, the party challenging the action below bears the burden of establishing that the error prejudiced that party." *St. Anthony Hosp. v. U.S. Dep't of Health & Human Servs.*, 309 F.3d 680, 691 (10th Cir. 2002). Plaintiff has not shown that the ALJ's findings are not supported by substantial evidence or that the ALJ applied the wrong legal standards.[2] Even if different conclusions could be drawn from the evidence, the Court's role is to review merely the sufficiency of the evidence, not its weight. *Oldham*, 509 F.3d at 1257. Accordingly, Plaintiff has not shown the ALJ erred by giving little weight to Dr. Mulica's assessment.

## IV. CONCLUSION

The Court AFFIRMS the Commissioner's decision.

DATED this 29th day of May, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[2] Indeed, the argument section of Plaintiff's opening brief consists of three paragraphs covering less than a single page. (ECF No. 10 at 21.)